Richard S. SCOTT, Plaintiff and Appellant,

v.

NATIONAL TRAVELERS LIFE INSUR-
ANCE COMPANY, Defendant
and Respondent.

Civ. No. 8576.

Supreme Court of North Dakota.

Nov. 3, 1969.

Greenwood, Swanson, Murtha & Moench, Dickinson, for plaintiff and appellant.

Mackoff, Kellogg, Kirby & Kloster, Dickinson, for defendant and respondent.

STRUTZ, Judge.

The plaintiff purchased a contract of insurance from the defendant, to which a rider was attached which provided, in part, as follows:

"This Rider provides term life insurance on * * * each covered child in the amount of $1,000 provided the child is at least 14 days old and has not reached his or her 25th birthday at the date of death."

The policy further provided that, in determining the age of each child, "it shall be presumed that such child was born at 12:01 A.M., Standard Time, on the day and at the place such child was born."

Michelle Joy Ann Scott was born to the plaintiff and his wife on the 26th day of May, 1966, and died at approximately 12:50 p. m. on the 8th day of June. The defendant insurance company refused to pay under the policy on the ground that said child, not being a full fourteen days of age at the time of her death, was not "at least 14 days old" and that she therefore was not covered under the provisions of the rider to the policy.

The plaintiff brought action under the policy, and the case was tried to the court without a jury. The trial court found for the defendant, determining from the facts in this case that Michelle was thirteen days of age at the time of her death and therefore not covered by the policy.

From the judgment entered in favor of the defendant, the plaintiff has appealed to this court, demanding trial de novo.

The only question for determination on this appeal is whether or not Michelle was "at least 14 days old" at the time of her death.

The trial court cited Section 14–10–01, North Dakota Century Code, which gives the statutory definition of "minors" and which provides how the periods are to be calculated. After stating that males under twenty-one years of age and females under eighteen years of age are minors, the section goes on to provide:

"The periods thus specified shall be calculated from the first minute of the day on which persons are born to the same minute of the corresponding day completing the period of minority."

The trial court found from a reading of this statute that the common law has been modified in North Dakota in the matter of defining minority of a child.

The period specified, whether it be eighteen years, twenty-one years, or fourteen days, must be calculated from the first minute of the day on which such person is born to the same minute of the corresponding day completing the period; in this case, the fourteen days. See Bynum v. Moore, 101 Okl. 128, 223 P. 687 (1924).

If Michelle was one day old on the day of her birth, calculated from the first minute of May 26, the day on which she was born, she became two days old on the first minute of the following day, May 27. Under the provisions of the policy, it is presumed that she was born at 12:01 a. m. on the day of her birth. If we then add one day for each day of life thereafter, she was fourteen days old on the first minute of June 8, the day of her death. Thus she would be covered under the rider which required that she be "at least 14 days old."

The respondent asserts that Michelle had not lived fourteen full 24-hour days at the time of her death, and that she cannot be considered to have been "at least 14 days old" at the time of her death.

The policy contract in question was drawn by the defendant insurance company. It could have been worded so that its meaning was clear. If it was the intention of the company to require a child to have lived fourteen full days before coverage became effective under the rider, it could have so provided. Any ambiguity in the policy's provision as to when a child was to be considered "at least 14 days old" must be construed most strongly against the party which caused the uncertainty of meaning. 17A C.J.S. Contracts § 324, p. 217; 17 Am.Jur.2d, Contracts Sec. 276, p. 689; Shimek v. Vogel, 105 N.W.2d 677 (N.D. 1960); Stuart v. Secrest, 170 N.W.2d 878 (N.D.1969); Sec. 9–07–19, N.D.C.C.

For reasons stated in this opinion, the judgment of the district court is reversed.

TEIGEN, C. J., and ERICKSTAD, PAULSON and KNUDSON, JJ., concur.